UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ROBERT ORLOFF and            )
JOLIE ORLOFF,                )
                             )
    Plaintiffs,              )
                             )
v.                           )
                             )
TUCKER & TIGHE, P.A.,        )
                             )
    Defendant.               )
_____  )

## COMPLAINT

Plaintiffs, ROBERT ORLOFF and JOLIE ORLOFF, file their complaint against Defendant, TUCKER & TIGHE, P.A., and state as follows:

## JURISDICTION & VENUE

1. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq.

2. Jurisdiction in this case is based upon 15 U.S.C. § 1692k which grants the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

3. Venue in the United States District Court for the Southern District of Florida is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in Broward County, Florida.

1

## **PARTIES**

4. The Plaintiffs, Robert Orloff and Jolie Orloff, (hereinafter the "Orloffs") own a property located at 22610 Vistawood Way, 26A, Boca Raton, FL 33428.

5. The Orloffs' property was used primarily for personal, family, or household purposes, to wit, it is their primary residence.

6. The Orloffs receive a Florida homestead tax exemption because the property is their primary residence.

7. The Orloffs were required to pay assessments to Timberwalk Association, Inc. ("Timberwalk") as an incident of ownership of their property.

8. The Orloffs are consumers as defined in 15 U.S.C. § 1692a(3).

9. The Defendant, Tucker & Tighe, P.A., is a law firm with a principal place of business of 800 East Broward Blvd., Suite 710, Fort Lauderdale, FL 33301.

10. Tucker & Tighe is actively involved in business in Broward County, Florida.

11. Tucker & Tighe was retained by Timberwalk to collect past due assessments allegedly owed to it by Orloffs.

12. Tucker & Tighe regularly represents associations in the collection of past due assessments.

13. Tucker & Tighe regularly uses instrumentalities of interstate commerce including the mail in its collections activities.

14. Tucker & Tighe mailed all demand letters which are the subject of this FDCPA complaint to the Orloffs at 22610 Vistawood Way, 26A, Boca Raton, FL 33428.

15. Tucker & Tighe is a debt collector as defined in 15 U.S.C. § 1692a(6).

## COUNT I – FDCPA VIOLATIONS

16. Orloffs re-allege and incorporate paragraphs 4 through 15 by reference herein.

17. Tucker & Tighe uses boilerplate documents which contain terms or phrases that are inapplicable to the matter at hand.

18. Tucker & Tighe does not verify or analyze the amounts stated in its clients' ledgers prior to preparing its demand letters or claims of lien.

19. Tucker & Tighe does not review the condominium documents to determine what amounts its clients are legally entitled to collect before preparing its demand letters or claims of lien.

20. On February 23, 2016, Tucker & Tighe mailed a demand letter, claim of lien, and ledger to the Orloffs.

21. A copy of the February 23, 2016, demand letter, claim of lien, and ledger is attached as **Exhibit A**.

22. The February 23, 2016, demand letter stated "All amounts owed, as per the Claim of Lien, must be paid within 45 days."

23. The Claim of Lien identified the following amounts as being owed to Timberwalk:

| | |
|---|---|
| Past due quarterly maintenance & penalties (10/14 - 02/16): | $1,445.00 |
| Attorneys' fees: | $ 685.00 |
| Lien release fee: | $ 75.00 |
| Recording costs (Lien/Release): | $ 21.20 |
| Postage costs: | $ 14.88 |
| **Total Due:** | **$2,241.08** |

24. The Claim of Lien further stated that "Regular assessments ($315) are due on the first day of the quarter."

25. The ledger shows that Timberwalk posted six (6) quarterly assessments from October 2014 through February 2016.

26. A quarterly assessment of $325.00 was posted on October 1, 2014.

27. A quarterly assessment of $320.00 was posted on January 1, 2015.

28. A quarterly assessment of $320.00 was posted on April 1, 2015.

29. A quarterly assessment of $320.00 was posted on July 1, 2015.

30. A quarterly assessment of $320.00 was posted on October 1, 2015.

31. A quarterly assessment of $315.00 was posted on January 1, 2016.

32. The total of all quarterly assessments from October 2014 through February 2016 is $1,920.00.

33. $1,920.00 minus $1,445.00 equals $475.00.

34. $475.00 is more than one full quarterly assessment.

35. The ledger also shows that on September 15, 2015, Timberwalk posted an expense on the Orloffs' ledger for $139.75 for attorney's fees.

36. The ledger shows on October 2, 2015, a $200.00 payment was applied towards outstanding assessments owed.

37. The ledger shows on November 5, 2015, a $200.00 payment was applied towards outstanding assessments owed.

38. The ledger shows on November 24, 2015, a $100.00 payment was applied towards outstanding assessments owed.

39. § 720.3085(3)(b), Fla. Stat. states:

> (b) Any payment received by an association and accepted shall be applied first to any interest accrued, then to any administrative late fee, then to any costs and reasonable attorney fees incurred in collection, and then to the delinquent assessment.

40. The Claim of Lien seeks to collect an amount already paid, to wit, the October 2014 quarterly assessment or, alternatively, applies payments in a manner contrary to Florida law.

41. The ledger shows one late fee of $25.00 posted on February 1, 2016.

42. § 720.3085(3)(a), Fla. Stat. states:

> If the declaration or bylaws so provide, the association may also charge an administrative late fee not to exceed

    the greater of $25 or 5 percent of the amount of each installment that is paid past the due date.

43. The Declaration of Condominium for Timberwalk does not grant Timberwalk the authority to charge an administrative late fee.

44. The Bylaws of Timberwalk does not grant Timberwalk the authority to charge an administrative late fee.

45. The Claim of Lien thus seeks to secure payment of late fees even though Timberwalk has no authority to seek or collect late fees.

46. The Claim of Lien also states that a "late fee and/or interest may be charged monthly to delinquent accounts."

47. The Claim of Lien and Ledger both identify that Timberwalk's assessments are on a quarterly basis.

48. The late fee could only be assessed on a quarterly basis because the installment is due on a quarterly basis.

49. Timberwalk could not charge a late fee on a monthly basis to the Orloffs' account.

50. The Claim of Lien states that it secures "special assessments coming due during the duration of this lien."

51. Florida law does not permit an association to secure via its claim of lien future special assessments because these assessments are considered distinct claims or contracts which require separate claims of lien to be filed.

52. Timberwalk also has not imposed a special assessment and had no intention of imposing a special assessment when Tucker & Tighe prepared this Claim of Lien.

53. The Claim of Lien states that it secures:

> if applicable, continuing regular assessments and special assessments, special assessments coming due during the duration of this lien, late charges, administrative collection fees, interest, costs and attorney's fees until paid in full.

54. The ledger shows that Timberwalk did not charge or post interest to Orloffs' account.

55. Tucker & Tighe's Claim of Lien thus mentions fees or charges which are wholly inapplicable to the debt at issue or which Timberwalk could not collect pursuant to Florida law.

56. Tucker & Tighe's creation of intentional uncertainty, whereby its Claim of Lien lists inapplicable fees and charges even when those fees are not incurred, not recoverable, or not sought is inherently misleading because it implies to the least sophisticated consumer that it has, at a minimum, the right to collect those fees and charges or may intend to collect those fees or charges at some point in the future.

57. Orloffs have been damaged as a result of Tucker & Tighe's violations of the FDCPA.

58. Orloffs seek statutory damages pursuant to 15 U.S.C. § 1692k.

59. Orloffs seek recovery of attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## FDCPA VIOLATIONS

60. Tucker & Tighe violated 15 U.S.C. § 1692e(2)(A) by making a false representation as to the character or status of the debt when it stated in its Claim of Lien that the $1,445.00 represented amounts from October 2014 through February 2016 because, based on the ledger, the Orloffs' had paid their October 2014 assessment.

61. Tucker & Tighe violated 15 U.S.C. § 1692e(2)(A) by making a false representation as to the character or status of the debt when it stated in its Claim of Lien that the $1,445.00 represented amounts from October 2014 through February 2016 because, based on the ledger, Orloffs' payments were applied in a manner which violates Florida law.

62. Tucker & Tighe violated 15 U.S.C. § 1692e(2)(A) by making a false representation as to the character or status of the debt when it stated in its Claim of Lien that a "late fee and/or interest may be charged monthly" because the Orloffs could not be assessed a monthly late fee.

63. Tucker & Tighe violated 15 U.S.C. § 1692e(2)(A) by making a false representation as to the character or status of the debt when it identified various

fees or charges including special assessments, late charges, administrative collection fees, or interest even though it appears, based on the ledger, that Timberwalk did not intend to collect these fees or charges or, in the case of special assessments and late fees, Timberwalk had no legal right to collect these amounts.

64. Tucker & Tighe violated 15 U.S.C. § 1692e(2)(A) by making a false representation as to the character or status of the debt by seeking to secure payment via its Claim of Lien of an unknown future special assessment even though Florida law does not permit Tucker & Tighe to secure payment of future special assessments via a previously recorded claim of lien.

65. Tucker & Tighe violated 15 U.S.C. § 1692f when it identified various fees or charges including special assessments, late charges, administrative collection fees, or interest it did not intend to collect or had no right to collect, notwithstanding the conditional language in its Claim of Lien, because the Orloffs should not be required to guess as to whether Timberwalk intends to collect these penalties or has a right to collect these penalties

WHEREFORE, Plaintiffs, ROBERT ORLOFF and JOLIE ORLOFF, respectfully request that judgment be entered against the Defendant, Tucker & Tighe, P.A., for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

    C.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

    D.    For such other relief as may be just and proper.

**Dated:** February 22, 2017.

| | |
|---|---|
| s/ Michael T. Ross | s/ Lourdes E. Ferrer |
| Michael T. Ross, Esq. | Lourdes E. Ferrer, Esq. |
| FBN 91623 | FBN 528536 |
| Law Office of Michael T. Ross, P.A. | Ferrer Law Group, PLLC |
| 5555 Hollywood Blvd. #303 | 2137 N. Commerce Parkway, |
| Hollywood, Florida 33021 | Weston FL, 33326 |
| Phone:786-657-6844 | Phone:954-651-6810 |
| Fax:786-353-0783 | Fax:954-651-6809 |
| E-mail: service@flc-law.com | E-mail: lferrer@ferrerlawgroup.com |